THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Vashaun
 Ravenel, Appellant.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-425
 Submitted September 1, 2011  Filed
September 20, 2011    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Harold M. Coombs, Jr., all of Columbia;
 and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Vashaun
 Ravenel appeals his conviction for attempted armed robbery, arguing the circuit
 court erred in denying his motion for a directed verdict because the State
 failed to present sufficient evidence he intended to rob his victim.  We
 affirm.
An appellate court reviews
 the denial of a directed verdict by viewing the evidence and all reasonable
 inferences in the light most favorable to the State.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  If any direct evidence or
 substantial circumstantial evidence reasonably tends to prove the guilt of the
 accused, an appellate court must find the case was properly submitted to the
 jury.  Id. at 292-93, 625 S.E.2d at 648.  The circuit court may not
 consider the weight of the evidence.  Id. at 292, 625 S.E.2d at 648.  "Attempt
 crimes are generally ones of specific intent such that the act constituting the
 attempt must be done with the intent to commit that particular crime."  State
 v. Nesbitt, 346 S.C. 226, 231, 550 S.E.2d 864, 866 (Ct. App. 2001).  "Intent is seldom susceptible to proof by direct evidence
 and must ordinarily be proven by circumstantial evidence, that is, by facts and
 circumstances from which intent may be inferred."  State v. Tuckness, 257
 S.C. 295, 299, 185 S.E.2d 607, 608 (1971).
Here, Ravenel's victim
 testified that Ravenel wore both a ski mask and a hooded sweatshirt at night,
 presented a firearm, and tried to open the victim's car door twice.  We find
 this testimony was substantial circumstantial evidence when, in a light most
 favorable to the State, the jury could reasonably infer that Ravenel was guilty
 of attempted armed robbery.  Accordingly, the decision of the circuit court is
AFFIRMED.
FEW, C.J., and THOMAS and KONDUROS,
 JJ., concur.